UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-61150-CV-COHN
(16-60213-CR-ZLOCH-03)
MAGISTRATE JUDGE REID

CARL WILLIAMS,

     Movant,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on *pro se* Movant's Amended Motion to Vacate, filed pursuant to 28 U.S.C. § 2255, attacking the constitutionality of his conviction and sentence entered following a jury verdict in Case No. 16-60213-CR-ZLOCH-03. [CV-ECF No. 13]. Movant was convicted of conspiracy to possess a controlled substance with intent to distribute, in violation of 21 U.S.C. § 846, and possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841. [*See* CR-ECF No. 113 and 19].[1]

This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Admin. Order 2019-02; and Rules 8 and 10 Governing Section 2255 Proceedings in the United States District Courts. [CV-ECF No. 2].

The Court has reviewed Movant's Amended Motion [CV-ECF No. 13]; all pertinent portions of the underlying criminal file; and the Eleventh Circuit's opinion affirming Movant's

---

[1] This Report uses "CR-ECF ___" to reference docket entries in the underlying criminal Case No. 16-60213-CR-ZLOCH-03. This Report uses "CV-ECF ___" to reference docket entries in the instant federal habeas case.

conviction and sentence in *United States v. Lockhart*, 731 F. App'x 842 (11th Cir. 2018). The Undersigned did not issue a show cause order to the Government because it is clear Movant's Amended Motion is due to be DENIED because Movant offers no facts to support his claims. Moreover, further leave to amend is impermissible in the face of the relation-back doctrine enunciated in *Davenport v. United States*, 217 F.3d 1341 (11th Cir. 2000).

## II. Claims

Construing the Amended Motion liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Movant raises eleven claims of ineffective assistance of counsel, which are one-sentence statements without any factual support:

1. Failure to use peremptory challenges on jurors Barbara Hayes, an addiction counselor; Monique Ablaza, whose husband was addicted; and Eddie Marquez, whose cousin was addicted. [CV-ECF No. 13 at 4]

2. Failure to object to the panel and the jury after jury selection. [*Id*. at 5]

3. Failure to investigate a factual defense. [*Id*. at 6].

4. Failure to suppress evidence obtained by a telephone warrant. [*Id*. at 8].

5. Failure to investigate a witness. [*Id*. at 13].

6. Failure to object to Rule 404(b) evidence during trial. [*Id*.].

7. Failure to prepare and present witnesses who observed the agent calling the movant to initiate conversations with him regarding the gun purchase. [*Id*.].

8. Failure to object to audio recorded evidence. [*Id*.].

9. Failure to file a motion to suppress or dismiss. [*Id*.].

10. Failure to convey a favorable plea offer. [*Id*.].

11. Failure to object to improper closing arguments. [*Id*.].

Movant requests that the Court vacate, set aside or correct his sentence, and any other relief deemed proper. [CV-ECF No. 13]. Upon careful and thorough review, for the reasons stated within this Report, Movant's Amended Motion should be DENIED with prejudice.

### III. Relevant Procedural History

#### A.   Indictment, Trial, Direct Appeal

Movant, along with two other co-defendants was charged in a seven-count Indictment with (Count 1) conspiracy to possess a controlled substance with intent to distribute, in violation of 21 U.S.C. § 846; (Count 6) possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841; and (Count 7) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). [CR-ECF No. 19]. Movant faced a maximum penalty of 20 years in prison for each of Counts 1 and 6, as well as a life sentence for Count 7. [*Id.*]. After a three-day trial, the jury found Movant guilty of Counts 1 and 6, with further findings that the substances were cocaine and "marihuana," but acquitted him of Count 7. [CR-ECF Nos. 75, 82]. The Court sentenced Movant to 97 months in prison as to each of Counts 1 and 6, to be served consecutively. [CR-ECF No. 113].

Movant filed a direct appeal raising essentially three grounds: (1) the district court erred in admitting evidence of other acts given the remoteness in time, (2) the evidence was insufficient to support his conviction, and (3) the district court erred in applying the two-level sentencing enhancement given his acquittal of Count 7. *See Lockhart*, 731 F. App'x at 845-47. On **May 4, 2018**, the Eleventh Circuit found no error and affirmed Movant's conviction and sentence. *Id.* at 849. Movant did not appeal further.

Accordingly, Movant's conviction became final 90 days later on **August 2, 2018**, when the time to seek a writ of certiorari with the Supreme Court of the United States expired. *See Griffith*

*v. Kentucky*, 479 U.S. 314, 321, n.6 (1986); *see also Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (citing *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007). Movant had one year to timely present his claims in a motion to vacate, until **August 2, 2019**.

*B.   The Instant Federal Habeas Proceeding*

On **April 30, 2019**,[2] Movant timely filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. [CV-ECF No. 1]. The Court Ordered Movant to amend his Motion so that it complied with the Rules governing these proceedings, and identified certain deficiencies in Movant's Motion, including that "[his] claims [were] only generally alleged without proper factual support and amount to legal conclusions." [CV-ECF No. 11]. In addition, the Court cautioned that any claims raised in the amended motion should comply with the relation-back doctrine as enunciated in *Davenport v. United States*, 217 F.3d 1341 (11th Cir. 2000), and that failure to do so may result in dismissal of the claims as time-barred. [*Id.*]. Movant had until **June 14, 2019**, to file the amended motion. [*Id.*].

More than one month after the deadline, Movant still had not complied with the Court's Order directing him to file the amended motion. Accordingly, on **July 19, 2019**, the Court issued a second Order to Amend the Motion, providing Movant another opportunity to cure the deficiencies previously identified. [CV-ECF No. 12]. Again, the Court informed Movant that his claims were only generally alleged without proper factual support and amounted to legal conclusions, that his amended motion should comply with *Davenport*, and that the amended motion would be the sole, operative motion. [*Id.*]. On **July 22, 2019,** Movant submitted the instant Amended Motion. [CV-ECF No. 13].

---

[2] Prisoners' documents are deemed filed when they are delivered to prison authorities for mailing, and absent evidence to the contrary, are presumed to be the date the document was signed. *See Houston v. Lack*, 487 U.S. 266 (1988) (setting forth the "prison mailbox rule"); *see also Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

4

## IV. Threshold Issue - Timeliness

Movant timely filed his § 2255 Motion. The Antiterrorism and Effective Death Penalty Act ("AEDPA") created a limitation for a motion to vacate. Pursuant to 28 U.S.C. § 2255(f), a one-year period of limitations applies to a motion under the section. The one-year period runs from the latest of:

> (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;

> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f)(1)-(4). "Typically, the applicable triggering date is 'the date on which the judgment of conviction becomes final.'" *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) (*en banc*).

As previously stated, Movant's conviction became final on **August 2, 2018**; thus, Movant had until **August 2, 2019**, to timely file a § 2255 motion and properly present his claims. Although Movant filed the instant petition on April 30, 2019, well within the statute of limitations, he did not present any factual support for his claims even after the Court permitted him the opportunity to amend. At this juncture, it would be futile to grant Movant further leave to amend, particularly, in light of the Court's *two* previous warnings. Pursuant to Fed. R. Civ. P. 15(c)(1)(B), "an amendment to a pleading relates back to the date of the original pleading when…the amendment

asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

When a § 2255 movant amends or otherwise supplements a § 2255 motion and raises a new claim that is untimely under § 2255(f), it will be barred unless it relates back to his timely filed § 2255 motion. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005) (holding that "[a]n amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in time and type from those the original pleading set forth."); *see also Davenport*, 217 F.3d at 1344-46.

The *Mayle* decision makes clear, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle*, 545 U.S. at 659. Therefore, relation-back turns on the facts underlying a claim, not the legal theory. *See id.* at 646. Accordingly, for a newly added claim to be reviewed on the merits, it must arise from the same circumstances as raised in the initial motion to vacate. The untimely claim must have more in common with the timely-filed claims than the mere fact that it arose out of the same criminal proceeding. *See Dean v. United States*, 278 F.3d 1218 (11th Cir. 2002), (citing *Davenport*, 217 F.3d at 1344).

In the instant case, under *Mayle* and *Davenport*, it would be futile to grant Movant further leave to amend because he only presents legal theories in his motion; according, attempts to raise factual claims at this juncture would now be time-barred.

### IV. Applicable Law

#### A.  Standard of Review of Section 2255 Motions

Section 2255 states in relevant part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence

was imposed in violation of the Constitution...may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255.

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *see also McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

The Eleventh Circuit promulgated a two-part inquiry that a district court must consider before determining whether a movant's claim is cognizable. First, a district court must find that "a defendant assert[ed] all available claims on direct appeal." *United States v. Frady*, 456 U.S. 152 (1982); *see also McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). Second, a district court must consider whether the type of relief the movant seeks is appropriate under § 2255. This is because "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a

complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (internal quotations omitted)).

If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255. To obtain this relief on collateral review, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166 (rejecting the plain error standard as not sufficiently deferential to a final judgment). Under § 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous").

### B.   Ineffective Assistance of Counsel Principles

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). If a movant cannot meet one of *Strickland's* prongs, the Court does not need to address the other prong. *See id.* at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*,

518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *see also Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000). To establish prejudice, the movant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694.

For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *see also Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant, therefore, must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

Movants bear the burden of proof in motion to vacate proceedings. *See Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008); *see also* 28 U.S.C. § 2255(b), (e); Rs. 2 and 4, Rules Governing Section 2255 Cases. This axiom is so well-settled that *Strickland* itself placed the burden of proof on habeas litigants, who, like Movant, seek to invoke the Sixth Amendment doctrine. *See Strickland*, 466 U.S. at 695-96; *see also Shiver v. United States*, 619 F. App'x 864, 865 (11th Cir. 2015). Thus, by requiring habeas litigants to bear the burden of showing constitutional error, criminal proceedings are treated as "valid until proven otherwise." *Occhicone v. Crosby*, 455 F.3d 1306, 1310 (11th Cir. 2006).

In fact, federal courts regularly deny ineffective assistance of counsel claims on the basis that the allegations are too general, too conclusory, or too vague to warrant relief. *See, e.g., Price v. Allen*, 679 F.3d 1315, 1325 (11th Cir. 2012) (reaching this conclusion in a § 2254 context). Denying on this basis is appropriate because, unlike the "notice pleading" standard authorized

under Fed. R. Civ. P. 8, a "heightened pleading" requirement exists in § 2254 and § 2255 proceedings. *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011). To meet this heightened pleading standard, of course, the habeas petition or motion to vacate must be specific on factual matters. *See id*. Bare, conclusory, allegations of ineffective assistance do not satisfy *Strickland*. *See Boyd v. Comm'r, Ala. Dep't. of Corr.*, 697 F.3d 1320 (11th Cir. 2012); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.").

For these reasons, Movant's claims should be DENIED.

## VI. Discussion

As discussed here, Movant is not entitled to federal habeas relief because he presents no core of operative facts to support his claims.

### A.  Claim 1

*Counsel Was Not Ineffective for Failing to Use Peremptory Challenges on Jurors Hayes, Ablaza, and Marquez*

In **Claim 1**, Movant claims that counsel was ineffective for failing to use peremptory challenges to remove certain jurors. [CV-ECF No. 13 at 4]. The Amended Motion is bereft of any factual support for the claim.[3] [*Id*.]. Moreover, it is well settled that the loss of a peremptory challenge is not a constitutional violation since peremptory challenges are not of constitutional

---

[3] Movant is cautioned that arguments not raised by Movant before the Magistrate Judge cannot be raised for the first time in objections to the Undersigned's Report. *See Starks v. United States*, Case No. 09-22352-cv-Middlebrooks (S.D. Fla. 2010); *see also United States v. Cadieux*, 324 F.Supp. 2d 168 (D.Me. 2004). "Parties must take before the magistrate [judge], 'not only their best shot but all of the shots.'" *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (*quoting Singh v. Superintending Sch. Comm.*, 593 F.Supp. 1315, 1318 (D.Me. 1984)). Thus, "[w]here a party raises an argument for the first time in an objection to a report and recommendation, the district court may exercise its discretion and decline to consider the argument." *Daniel v. Chase Bank USA, N.A.*, 650 F.Supp.2d 1275, 1278 (N.D. Ga. 2009) (citing *Williams v. McNeil*, 557 F.3d 1287 (11th Cir. 2009). Here, if Movant attempts to raise a new claim or argument in support of this § 2255 Motion, the Court should exercise its discretion and decline to address the newly-raised arguments.

dimension so that the Sixth Amendment would be violated. *See Ross v. Oklahoma*, 487 U.S. 81, 88 (1988). That is because "peremptory challenges are a creature of statute and are not required by the Constitution." *Id*. at 89 (internal citations omitted). In short, not only does Movant fail to explain why any challenges should have been raised as to these jurors, he fails to present a valid constitutional claim. Thus, Movant cannot satisfy either prong of *Strickland*. Accordingly**, Claim 1** is without merit, does not warrant relief, and should be DENIED.

### B.  Claim 2

*Counsel Was Not Ineffective for Failing to Object to the Panel and the Jury after Jury Selection*

In **Claim 2**, Movant claims counsel was ineffective for failing to object to the panel and the jury after jury selection. [CV-ECF No. 13 at 5]. The Amended Motion is bereft of any factual support for this claim. [*Id*.]. Movant failed to detail what objections counsel should have raised; and he does not present any reason for the dismissal of any juror. Accordingly, Movant fails to provide the kind of evidence that may warrant relief under *Strickland*. Because Movant failed to plead facts on which an ineffective assistance claim could be based, **Claim 2** fails and should be DENIED.

### C.  Claim 3

*Counsel Was Not Ineffective for Failing to Investigate a Factual Defense.*

In **Claim 3**, Movant claims that counsel failed to investigate a factual defense. [CV-ECF No. 13 at 6]. Again, Movant fails to properly allege reasonably specific, non-conclusory facts in support of his claim. Movant did not present any affidavits or properly authenticated documents in support of his claim; he names no one, no dates, and no details. Movant provides no facts as to what the factual defense would be, nor does he detail what counsel should have investigated. Furthermore, Movant may not shift the burden to this Court to mine through a voluminous record

to find evidence to support his claims. *See Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1474, 1481 n. 12 (11th Cir. 1997); *Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 373 (11th Cir. 1997) ("We are not obligated to cull the record ourselves in search of facts not included in the statements of fact.").

Ultimately, Movant cannot satisfy both prongs of *Strickland*. Necessarily, **Claim 3** is meritless, does not warrant relief, and should be DENIED.

### D.  *Claims 4 and 9*

*Counsel Was Not Ineffective for Failing to Suppress Evidence Obtained By A Telephone Warrant or Failing to File a Motion to Suppress or Dismiss.*

**Claims 4 and 9** are sufficiently related to address together. In **Claim 4**, Movant claims counsel was ineffective for failing to suppress the phone warrant. [CV-ECF No. 13 at 8]. In **Claim 9**, Movant generally asserts that counsel failed to file a motion to suppress or dismiss. [*Id*. at 13]. Again, the Amended Motion is silent as to any facts to support Movant's claims. Movant does not explain why evidence obtained from the warrant should have been suppressed nor does he state what other evidence should have been suppressed or the reason to suppress other evidence.

A bare, conclusory statement without factual support does not warrant relief. Movant cannot demonstrate that counsel was deficient under *Strickland*. Accordingly, **Claims 4 and 9** are without merit and should be DENIED.

### E.  *Claims 5 and 7*

*Counsel Was Not Ineffective for Failing to Investigate a Witness or Failing to Prepare and Present Witnesses Who Observed the Agent Calling Movant*

**Claims 5 and 7** are sufficiently related to address together. In **Claim 5**, Movant generally asserts that counsel failed to investigate a witness, but he names no one. [CV-ECF No. 13 at 13]. In **Claim 7**, Movant asserts that counsel failed to prepare and present witnesses who observed the

agent calling Movant to initiate conversations with him regarding the gun purchase. [*Id*.]. Again, Movant does not provide any facts to support his claims.

It is well-settled that matters of trial strategy do not amount to ineffectiveness. We begin with the premise that "under the circumstances, the challenged action[s] might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. "Counsel is 'strongly presumed' to make decisions in the exercise of professional judgment. That presumption has particular force where a petitioner bases his ineffective assistance claim solely on the trial record, creating a situation in which a court "may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) (internal citation omitted). "Moreover, even if an omission is inadvertent, relief is not automatic. The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Id.*; *see also Bell v. Cone*, 535 U.S. 685, 702 (2002); *Strickland*, 466 U.S. at 689.

Most importantly, which witnesses to call is a strategic decision that should seldom be second guessed. *See Conklin v. Schofield*, 366 F.3d 1191, 1204 (11th Cir. 2004). Tactical decisions within the range of reasonable professional competence are not subject to collateral attack unless a decision was so "patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983). Complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative. *See Bray v. Quarterman*, 265 F. App'x 296, 298 (5th Cir. 2008). "Thus, to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have

been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (citing *Bray*, 265 F. App'x at 298; *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)).

Movant names no one, does not demonstrate that any witness was available to testify and would have done so, and fails to set out the content of any witness's proposed testimony that would have been favorable as set out in *Day*. Accordingly, **Claims 5 and 7** are without merit, do not warrant relief, and should be DENIED.

### F.   Claim 6

*Counsel Was Not Ineffective for Failing to Object to Rule 404(b) Evidence During Trial*

In **Claim 6**, Movant Claims that counsel failed to object to the use of Fed. R. Evid. 404(b) evidence during trial. [CV-ECF No. 13 at 13]. Once again, Movant provides no factual support for his claim; he makes no statement as to what evidence warranted the objection.

Notably, counsel argued during the direct appeal that certain Rule 404(b) evidence should have been excluded, namely, evidence of Movant's prior convictions. *See Lockhart*, 731 F. App'x. at 845. The Court determined the district court did not commit plain error, "explained to the jury how to properly use Rule 404(b) evidence following the testimony of each witness testifying…and again during the jury instructions, which … minimized any prejudicial impact of the evidence." *Id*. at 846. Perhaps here Movant is referring to the evidence of his prior convictions. In any event, Movant may not shift the burden to the Court to mine the record to determine whether there is any evidence to support his claims. *See Johnson*, 126 F.3d at 373.

Movant cannot satisfy either prong of *Strickland*. Accordingly, **Claim 6** is without merit, does not warrant relief, and should be DENIED.

### G.   Claim 8

*Counsel Was Not Ineffective for Failing to Object to Audio Recording Evidence*

In **Claim 8**, Movant claims that counsel failed to object to an audio recording. [CV-ECF No. 13 at 13]. Again, Movant presents no facts to support his claim.

Upon cursory review of the transcripts, it appears that there were audio recordings for at least two meetings – on June 2 and June 15. [CR-ECF No. 133 at 140-141]. It is impossible to discern from Movant's claims what portions – if any – of these audio recordings warranted objections by counsel. Moreover, counsel did raise an objection to the presentation of certain portions of the audio recordings. [*Id*. at 145]. Still, it is Movant's burden to provide factual support for his claims, which is not otherwise controverted by the record, in order to warrant habeas relief.

Movant fails to present any evidence of deficiency by counsel nor can he establish any prejudice that meets *Strickland's* stringent test. Accordingly, **Claim 8** is without merit, does not warrant relief, and should be DENIED.

### H.  Claim 10

*Counsel Was Not Ineffective for Failing to Convey a Favorable Plea Offer*

In **Claim 10**, Movant claims that counsel was ineffective for failing to convey a favorable plea offer. Again, Movant's claim is bereft of any facts to support his claim. Movant does not detail whether a plea was even offered by the Government, what the plea offer may have presented, nor does he allege any factual scenario that would establish counsel was presented with a favorable plea offer to present to Movant. Movant's claim is a legal conclusion bereft of any factual support.

Movant fails to meet either prong of *Strickland*. Accordingly, **Claim 10** is without merit, does not warrant relief, and should be DENIED.

### I.  Claim 11

*Counsel Was Not Ineffective for Failing to Object to Improper Closing Arguments*

15

Finally, in **Claim 11**, Movant claims that counsel failed to object to improper closing arguments. [CV-ECF No. 13 at 13]. As with all of his previous claims, Movant asserts a legal conclusion without any factual support. Movant provides no indication as to what portion of the government's closing arguments were improper, nor does he state what objections his counsel should have made.

Movant fails to meet either prong of *Strickland*. Accordingly, **Claim 11** is without merit, does not warrant relief, and should be DENIED.

Ultimately, all of Movant's claims amount to bare, conclusory statements without any factual support. Movant claims fail under *Strickland* analysis. Movant fails to establish that Counsel was not deficient; and Movant did not suffer prejudice. Lastly, it would be futile for Movant to attempt to amend any of his claims at this juncture because, as previously discussed, pursuant to *Davenport*, his claims would be time barred. The Court made this clear in its two orders to Movant to timely amend his motion. Movant's **Claims 1 through 11** are meritless because he provides no factual support for them; and, therefore, all claims should be DENIED.

### VII. Evidentiary Hearing

Movant is also not entitled to an evidentiary hearing on the claims raised in this proceeding. Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. *See Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007) (holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). Where, as here, there are absolutely no facts offered to support Movant's claims, the Court does not need to conduct an evidentiary hearing.

## VII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his motion to vacate has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a COA only if a movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a district court has rejected a movant's constitutional claims on the merits, the movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Upon consideration of the record as a whole, the Court should deny a COA. Notwithstanding, if Movant does not agree, he may bring this argument to the attention of the District Judge in objections.

## IX. Recommendations

Based on the above, it is recommended that the Amended Motion to Vacate be DENIED on the merits, that NO certificate of appealability issue, and, that this case be CLOSED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

SIGNED this 6th day of November, 2020.


UNITED STATES MAGISTRATE JUDGE

cc:    Carl Williams
        13764-104
        Jesup FCI
        Federal Correctional Institution
        Inmate Mail/Parcels
        2680 301 South
        Jesup, GA 31599
        PRO SE

        Anita Gail White
        United States Attorney's Office
        500 East Broward Blvd.
        Fort Lauderdale, FL 33394
        954-660-5946
        Email: anita.white@usdoj.gov